[Crim. No. 1521. First Appellate District, Division Two.—December 10, 1928.]

In the Matter of the Application of DOMINIC LONARDO, etc., for a Writ of Habeas Corpus.

James F. Brennan for Petitioner.

Matthew Brady, District Attorney, and Joseph A. Garry, Assistant District Atttorney, for Respondent.

KOFORD, P. J.—This is an original *habeas corpus* proceeding. Petitioner is held in custody by the chief of police of the city and county of San Francisco and two police agents from the state of Ohio under a warrant of rendition and extradition executed by the Governor of the state of California. This warrant was issued upon the request and affidavit of the prosecuting attorney of Cuyahoga County, Ohio, accompanied by a certified copy of an indictment from the state of Ohio charging petitioner with having committed a certain murder in that state on or about December 31, 1920. The affidavit, besides merely formal matters, included the bare statement that the person charged by said indictment with the crime of murder ''is a fugitive from justice.''

The petitioner alleges that he is not a fugitive from the justice of the state of Ohio on said charge of murder and that he was not in the state of Ohio at any time during the thirty-first day of December, 1920, nor for a period of more than one month prior nor more than one month thereafter, but was at all such times within the state of California. He presents affidavits of ten residents of San Francisco to the effect that he was in San Francisco at the time before and after the date of the Ohio murder. These witnesses, or most of them, testified in the superior court to the same effect in a *habeas corpus* proceeding prosecuted there for the same purpose as this one. The transcript of the testimony of these witnesses was produced upon the return of this writ in this court and admitted as evidence by stipulation.

No testimony was offered on behalf of respondent. He relies upon the Governor's warrant and upon the cross-examination of the petitioner's witnesses. It is claimed that the cross-examination of these witnesses so far overcomes their direct testimony that this court should believe none of it, but decide in favor of and in accordance with the presumption arising from the Governor's action that the petitioner is a fugitive from the justice of the state of Ohio and that he has fled therefrom. The cross-examination at most shows

that some of the witnesses might be mistaken about dates and that others might be falsifying; but it is far from convincing us that the direct testimony of these witnesses is not worthy at the least of considerable credence.

█ Weighing the evidentiary force of the showing made for and against the petitioner we conclude that the petitioner is not proven to be a fugitive from the justice of the state of Ohio. Although this court upon the hearing of this writ called to the attention of counsel for respondent the probable conclusion of this court in the absence of affirmative testimony contradicting the showing made by petitioner, no such testimony was forthcoming and no request was made for an opportunity to produce any such testimony. To the suggestion that under the Ohio indictment the proof of the crime charged might show the murder to have been committed at a time when petitioner was in the state of Ohio and not in California, but nevertheless *on or about* the 31st of December, 1920, counsel for respondent stated that no such contention would be made.

█ The petitioner is entitled to have tried by this court in this proceeding the question of whether he is a fugitive within the meaning of the United States constitution and statutes providing for extradition from one state to another. (*Ex parte Shoemaker,* 25 Cal. App. 551 [144 Pac. 985]; *Hyatt* v. *Corkran,* 188 U. S. 691 [47 L. Ed. 657, 23 Sup. Ct. Rep. 456, see, also, Rose's U. S. Notes]; see, also, cases collected at 51 A. L. R. 801.)

Under this record the plain duty of the court is to discharge the petitioner, and it is so ordered.

Sturtevant, J., concurred.